# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JACOB MEEKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-601 CAS |
| JENNIFER SACHSE, | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff (registration no. 1166377), an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.90. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.49, and an average monthly balance of $.67. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.90, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause

of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at the Missouri Eastern Correctional Center ("MECC"), seeks monetary damages and injunctive relief in this 42 U.S.C. § 1983 action against defendant Jennifer Sachse (Warden) in her official and individual capacities. In the body of the complaint, plaintiff names an additional five persons as defendants in this action. In general, plaintiff complains that on three different occasions his "legal mail" was opened outside his presence.

Plaintiff states that he "caught" Correctional Officer Puff going through his "legal mail" outside his presence on November 7, 2011. He claims that when he questioned her about it, she stated that she could "go through his legal material when [she] got ready." Plaintiff states that he was told on November 16, 2011, by defendant Diana Simmerly, a Functional Unit Manager, that she was the one who told defendant Puff to search through plaintiff's mail. Plaintiff has not

identified what the alleged "legal mail" entailed, whether it contained privileged information or who purportedly sent it.

Plaintiff claims that on December 22, 2011, Functional Unit Manager Michele Buettner and Caseworker Christy Mitchell Grider opened mail from an Illinois "attorney," Elihue McKinnon,[1] and questioned plaintiff as to why he was receiving a money order made out to another inmate from an "attorney." Plaintiff states that he received a conduct violation relating to this incident. In the documents plaintiff has attached to the complaint, that are taken as part of the complaint pursuant to Rule 10, Fed. R. Civ. P., it appears plaintiff received a conduct violation because defendants Buettner and Grider believed from the evidence presented to them that plaintiff had asked a non-attorney, Mr. McKinnon, to falsely address mail to plaintiff as "legal mail," and include a money order in the amount of $105.00 for another inmate to whom plaintiff owed a debt.

Plaintiff asserts that on or about January 27, 2011 or later, Caseworker Price handed him some "legal mail" from the courts that had been opened and told him that this "happens sometimes" and did not show the "slightest concern."

Plaintiff has not made any specific allegations against defendant Sachse, other than to complain that he "warned" her about the "behavior of these defendants."

---

[1] The Court takes judicial notice of the fact that there is no attorney by the name of "Elihue McKinnon" registered with the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

## Discussion

At the outset, the Court notes that on page 2 of the complaint, plaintiff states that he did not present his claims through the prison grievance system. Specifically, plaintiff states that "this is not a grievance matter but a federal offense."

Under the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Where, as in the instant case, it is apparent from the face of the complaint that a plaintiff has not met the applicable exhaustion requirements, a Court may properly dismiss an in forma pauperis complaint prior to service. Cf. Smith v. Unknown Corrections Officer, 196 F. App'x 451, 2006 WL 2620837 (8th Cir. 2006). As noted above, plaintiff concedes that he did not exhaust his available administrative remedies before filing the instant action. Therefore, his claims presently are barred by 42 U.S.C. § 1997e(a).

As additional grounds for dismissing the complaint, the Court finds that plaintiff's generalized allegations regarding the alleged unlawful opening of his "legal" mail outside of his presence, by itself, fails to state a claim for relief. "Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened . . . except in the presence of the prisoner." Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir.1981). However, "Non-privileged inmate mail is clearly not immune to inspection, thus such inspections [of non-privileged mail] cannot give rise to civil rights violations." Id.

Plaintiff does not specifically allege that any of the opened "legal mail" or "legal documents" contained <u>privileged communications from his attorney</u>. "[T]he mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment." <u>Harrod v. Halford</u>, 773 F.2d 234, 236 (8th Cir.1985). "Plaintiff's filings with the court and any court orders or recommendations entered in his case(s) are a matter of public record." <u>Burgess v. Dormire</u>, 2006 WL 1382317, at *3 (W.D. Mo. May 17, 2006) (citing <u>Harrod</u>, 773 F.2d at 236). Further, the constitutional protection for legal mail only extends to <u>genuine legal mail</u>, as an inmate has no constitutional right to prevent prison officials from opening or inspecting nonlegal mail. Plaintiff cannot change the status of his nonlegal mail into legal mail subject to constitutional protection by placing a false designation on the outside of the envelope. <u>See</u>, <u>e.g.</u>, <u>Stockdale v. Dwyer</u>, 2007 WL 2994316, at *7 (E.D. Mo. Oct. 11, 2007); <u>see also</u> <u>Felton v. Lincoln</u>, 429 F.Supp.2d 226, 244 (D. Mass. 2006) (where prisoner mislabeled mail as privileged and forged attorneys' return addresses on envelopes, this conduct supported prison officials' decision to open the prisoner's mail bearing the return address of an attorney). As such, plaintiff's allegations do not state a claim for a constitutional violation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions to supplement his complaint with exhibits, to correct the statement of the claim and to add documents are **GRANTED**. [Docs. 4, 5, 7]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because plaintiff has failed to exhaust his prison grievances. See 42 U.S.C. § 1997e(a).[2]

An Order of Dismissal will accompany this Memorandum and Order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of June, 2012.

---

[2]This dismissal shall not count as a strike against plaintiff for purposes of 28 U.S.C. § 1915(g).